PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2005 Suzuki Forenza struck a hole as Claimant Pamela Marchetti was driving on Waverly Road, designated as State Route 1, in Williamstown, Wood County. State Route 1 is a public road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
*144 The incident giving rise to this claim occurred at 7:3 0 p.m. on June 28,2009. State Route 1 is a paved, two-lane road. Pamela Marchetti testified that she was driving on State Route 1 towards Williamstown when her vehicle struck a hole in the road. Ms. Marchetti stated that there were numerous holes at this location. She further stated that there was oncoming traffic and a steep bank on the other side of the road which prevented her from avoiding the hole. She stated that the hole was on the right side of her lane of travel and was approximately one foot from the road’s edge line. As a result of this incident, Claimant’s vehicle sustained damage to two tires, two rims and two valves needed to be replaced, the tires mounted and balanced, and the vehicle also needed to be re-aligned, totaling $514.29. Since Claimants’ insurance deductible was $500.00, Claimants’ recovery is limited to that amount.
The position of the Respondent is that it did not have actual or constructive notice of the holes on State Route 1. Curtis Richards, Crew Supervisor for Respondent in Wood County, testified that State Route 1 is a second priority road in terms of its maintenance. He explained that the freezing and thawing that occurs during the winter months causes the blacktop to break apart, creating holes in the road. He stated that Respondent patches holes in the winter months with a temporary patch because the asphalt plants do not open until April or May. Mr. Richards stated that the Respondent did not have notice of the subject hole prior to the Claimants’ incident. The DOH 12, a record of Respondent’s daily work activities, indicates that the holes on State Route 1 were patched on July 9, 2009.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the hole which Claimants’ vehicle struck and that the hole presented a hazard to the traveling public. Since there were numerous holes at this location, the Court finds Respondent negligent. Thus, Claimants may make a recovery for the damage to their vehicle.
It is the opinion of the Court of Claims that the Claimants should be awarded the sum of $500.00.
Award of $500.00.